**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**UNITED STATES OF AMERICA**

**V.** NO. 4:20-CR-29

**JERMANY CORDEL MOTON**

**ORDER**

On June 9, 2020, the government submitted to the Court an "ex parte"[1] motion to seal (1) its motion for a psychiatric or psychological examination of the defendant; (2) a psychological assessment report which is an exhibit to the motion for examination; (3) the motion to seal; (4) any order disposing of the motions; and (5) any "related docket entries." As grounds, the government represents that "[d]ue to the confidential nature of the report and the fact that it contains information concerning the defendant's mental or medical condition, as well as the matters stated in the motion that pertain to the defendant's mental status, the government believes that the motion and accompanying report should not be made available for public consumption."

Pursuant to Local Criminal Rule 49.1, except for circumstances inapplicable here, the process for sealing documents is governed by Rule 79 of the Local Rules of Civil Procedure. Rule 79 requires that a motion to seal "be accompanied by a non-confidential supporting memorandum, a notice that identifies the motion as a sealing motion, and a proposed order." The non-confidential memorandum must include, among other things, "[a] statement of why sealing is necessary … and why another procedure will not suffice," and "[r]eferences to governing case law." L.U. Civ. R. 79(e)(3)(C)–(D). The government's motion wholly fails to comply with Rule 79's requirements.

---

[1] The motion represents that it is ex parte. However, it includes a certificate of service stating it was served on defense counsel.

However, out of an abundance of caution, the Court will consider the merits of the motion to seal.

"A district court has supervisory authority over its records …." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 689 (5th Cir. 2010). While a court may seal such records, "[i]ts decision must be made in light of the strong presumption that all trial proceedings should be subject to scrutiny by the public." *Id*. at 690 (quotation marks omitted). Where, as here, a First Amendment right of access applies to the proceedings at issue,[2] a party seeking to seal such proceedings must "advance[] an overriding interest that is likely to be prejudiced." *Press-Enter. Co. v. Superior Ct. of Cal. for Riverside Cty.*, 478 U.S. 1, 7 (1986).

"[C]ourts have given weight to the privacy interests of defendants when considering access to [criminal] judicial proceedings and related documents." *In re Motion to Unseal Court Records*, No. 18-477, 2019 WL 1495248, at *3 (D. Haw. Apr. 4, 2019) (collecting cases). Because the psychological report exhibit contains detailed statements regarding Moton's personal and medical history, the Court concludes that disclosure of the report would prejudice Moton's overriding interest in such information. Accordingly, the psychological report exhibit will be sealed. For the same reasons, the report that will be prepared as a result of the motion for a psychiatric or psychological examination will also be sealed. However, nothing in the motion to seal or in the motion for the examination itself contains anything resembling confidential information. Neither will the orders disposing of such motions. It follows that no overriding interest in privacy exists for such documents. Such documents, therefore, will not be sealed.

In sum, the motion to seal is **GRANTED in Part and DENIED in Part**. The motion is GRANTED to the extent it seeks to seal the report exhibit (as distinct from the motion itself) and

---

[2] *See United States v. Guerrero*, 693 F.3d 990, 1002 (9th Cir. 2012) (affirming determination that First Amendment right of access applies to criminal competency hearings).

to the extent the motion seeks to seal the report of the examination to be conducted. The motion is DENIED in all other respects.

    **SO ORDERED**, this 12th day of June, 2020.

                                        **/s/Debra M. Brown**
                                        **UNITED STATES DISTRICT JUDGE**